# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOSEPH FREDERICK,                           )
                                            )
      Claimant-Below,                    )
      Appellant,                         )
                                            )
    v.                                    )    C.A. No.: N19A-07-009 CLS
                                            )
A-DEL CONSTRUCTION CO.,                      )
INC.,                                        )
                                            )
      Employer-Below,                    )
      Appellee.                          )


Date Decided: November 30, 2020


*Upon Consideration of Appellant Joseph Frederick's Appeal from the Industrial Accident Board*
**REMANDED**.

## ORDER

Jonathon B. O'Neill, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill P.A., Christiana, Delaware, Attorney for Appellant Joseph Frederick.

John W. Morgan, Esquire, Heckler and Frabizzio, Wilmington, Delaware and Tracey A. Burleigh, Esquire, Marshall Dennehey Warner Colleman & Goggin, P.C., Wilmington, Delaware, Attorneys for Appellee A-Del Construction Co., Inc.


J. Scott

1

Before this Court is Appellant Joseph Frederick's ("Mr. Frederick") appeal from the Industrial Accident Board's (the "Board") finding of a joint employment relationship at the time of Mr. Frederick's injury, thereby disqualifying Mr. Frederick from third-party liability. For the following reasons, the decision of the Board is **REMANDED** for a rehearing.

## Background

Mr. Frederick contends that he worked solely for Colonial Trucking, Inc. ("Colonial") as a truck driver.[1] On March 28, 2016, Mr. Frederick sustained injuries to his face, head, neck and back while driving a Colonial dump truck. Mr. Frederick sought redress through a Workers' Compensation claim against Colonial. Mr. Frederick later joined A-Del Construction ("A-Del") as a third-party defendant.

Most relevant here, Colonial and A-Del together alleged that Mr. Frederick was a joint employee of A-Del and Colonial.[2] Mr. Frederick disagreed and argued that he was solely an employee of Colonial.[3] On February 28, 2019, the Board held an evidentiary hearing to determine if Mr. Frederick was a joint employee of both Colonial and A-Del.[4] The Board heard from two witnesses: (1) Mr. Frederick and

---

[1] *Frederick v. A-Del Construction Co., Inc.*, IAB Hearing No. 1440955 (June 24, 2019) at p. 1.
[2] *Id.*
[3] *Id.*
[4] *Id.*

(2) Edward Charles Fairer ("Mr. Fairer"), the risk control officer and vice president of A-Del. On June 24, 2019, the Board found the existence of a joint employment relationship at the time of Mr. Frederick's injury (the "Board's Decision"). In the Board's Decision, the Board stated the following factual findings:

1. Interchange in management with respect to the President of A-Del also serving as Vice President of Colonial;

2. A-Del and Colonial share the same business address of 10 Adel Drive, Newark, Delaware, 19702;

3. Colonial's address on Mr. Frederick's W-2 form and on the police report is 10 Adel Drive, Newark, Delaware 19702.

4. A-Del and Colonial operate as distinct corporate entities. A-Del and Colonial maintain separate income and expense records, as well as separate payroll-time records.

5. A-Del and Colonial did not share the same employees with respect to the function of hauling.

6. Mr. Frederick only drove Colonial trucks under the Colonial name. An A-Del employee would never drive a Colonial marked truck nor would a Colonial employee ever drive an A-Del marked truck.

7. Under the business construct of Colonial, Colonial employees are under the simultaneous control of A-Del and of Colonial.

8. Under the business construct of Colonial, Colonial employees ultimately performed services simultaneously for A-Del and Colonial.

9. A-Del and Colonial shared the same management in the office and out in the field.

10. A-Del bid for services of Colonial on Colonial's behalf. Colonial did not solicit business.

11. A-Del determined the projects with which Colonial was involved. A-Del employees dispatched assignments to Colonial employees and served as supervisors of Colonial employees.

12. Colonial had no managerial, accounting, or human resource departments – but instead relied on A-Del employees to perform such functions.

13. A-Del bore the expense of Colonial's insurance.

14. A-Del could operate business independently of Colonial, but Colonial did not operate business independently of A-Del.

15. A-Del is ultimately responsible for hauling. A-Del has its own trucks, but sometimes uses Colonial's trucks or another company's trucks for hauling.[5]

On June 24, 2019, Mr. Frederick filed his Notice of Appeal to this Court.

## **Parties' Assertions**

Mr. Frederick's overarching contention is that he worked solely for Colonial as a truck driver. Mr. Frederick argues that: (1) his case is distinguishable from established case law; and (2) the Board committed an error of law in finding the joint employment relationship at the time of the accident.

Specifically, Mr. Frederick claims that there was no simultaneous control over him and that the Board confused "interchangeability with dependency." Second, Mr. Frederick argues that the two companies are distinguishable for

---

[5] *Id.* at 10-12.

4

multiple reasons: (i) they are distinguished in their Zurich insurance policy, (ii) they do two different types of work, (iii) they have separate tax identification numbers, and (iv) Mr. Frederick received a paycheck only from Colonial. Finally, Mr. Frederick claims that he worked exclusively for Colonial and his employment was not interchangeable between the two businesses.

In their Response, A-Del and Colonial argue that the Board did not abuse its discretion or commit an error of law when it found that A-Del and Colonial were in a "joint service relationship" at the time of Mr. Frederick's injury. A-Del and Colonial argue that the Board's decision follows the *A. Mazzetti* precedent because both Colonial and A-Del had simultaneous control over the Mr. Frederick. A-Del and Colonial argue that Colonial has no managerial, accounting, or human resources departments, and does not bid for contracts. A-Del and Colonial further argue that the second element, simultaneous performance, is also satisfied here. A-Del and Colonial contend that both companies share the same address, management, and A-Del's accountant handles Colonials payroll. Finally, A-Del and Colonial argue that the final element requiring a close similarity of work is likewise satisfied in the instant case. A-Del and Colonial contend that A-Del was under contract to remove concrete from the jobsite, which means A-Del was also responsible for the hauling of the removed concrete.

In his Reply, Mr. Frederick argues that A-Del and Colonial's argument must fail because A-Del and Colonial presented no evidence to support a finding of contractual relationship between the Mr. Frederick and A-Del. Mr. Frederick also reiterates his prior contention that none of the factors from *A. Mazzetti* are present in this case. Specifically, Mr. Frederick argues that he was not under the control of both companies and the two companies did not provide simultaneous services that were identical. Mr. Frederick also claims that there was no simultaneous control between A-Del and Colonial over him during the time of his injury. Further, Mr. Frederick argues that he did not perform services simultaneously for each employer and the services performed were not the same or closely related.

## Standard of Review

In considering an appeal from an IAB decision, this Court's only function is "to determine whether or not there was substantial competent evidence to support the finding of the board, and, if it finds such in the record, to affirm the findings of the board."[6] Substantial evidence is considered as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] This Court is not to "sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[8]

---

[6] *Johnson v. Chrysler Corp.*, 59 Del. 48, 66 (Del. 1965).
[7] *Id.*
[8] *Id.*

6

<u>**Discussion**</u>

## A. Joint Employment Test in *A. Mazetti*

Delaware Workers' Compensation Act § 2354(a) allows an employee to recover compensation from two or more employers if the employee is in the joint service of two or more employers at the time of the accident.[9] The Delaware Supreme Court outlined a four-part test in *A. Mazzetti & Sons, Inc. v. Ruffin*[10] to determine if a joint employment relationship exists:

> [A] joint employment relationship exists between a single employee and two employers when he or she is *under contract with* both employers and the employee:
> 1. is also under the simultaneous control of both employers; and
> 2. performs services simultaneously for both employers; and
> 3. the services performed for each are the same or closely related.[11]

### 1. "Under Contract With"

The first determination made is whether the employee is "under contract with" both employers. In the *A. Mazzetti* case, there was no dispute that the employee was under contract with both employers. In the present case, substantial evidence has not been provided which suggests Mr. Frederick was under contract with both Colonial and A-Del at the time of his injury. The Board did not state on the record whether or not Mr. Frederick was under contract with both employers. Further, the testimony from Mr. Fairer that Mr. Frederick signed A-Del

---

[9] 19 *Del C.* § 2354(a).
[10] *A. Mazzetti & Sons, Inc. v. Ruffin*, 437 A.2d 1120 (Del. 1981).
[11] *Id.* at 1123 (emphasis added).

7

employment paperwork is contradicted by Mr. Frederick's statement that he signed Colonial employment paperwork. As a result, on remand, the Board should inquire into whether Mr. Frederick was "under contract with" both Colonial and A-Del and whether any evidence, such as employment paperwork, is discoverable and supports their decision.

### 2. Simultaneous Control

Under *A. Mazetti*, the next inquiry is whether Mr. Frederick was also under simultaneous control of both Colonial and A-Del. The Board found that Mr. Frederick was under the simultaneous control of A-Del and of Colonial. The Board sets forth a large list of factors, but does not specify which of the factors support its finding that Mr. Frederick was under the simultaneous control of A-Del and of Colonial. As a result, on remand, the Board should indicate which factors support its finding that Mr. Frederick was under the simultaneous control of A-Del and of Colonial.

### 3. Simultaneous Performance

Under *A. Mazetti*, the third inquiry is whether Mr. Frederick performed services simultaneously for both Colonial and A-Del. It is not clear precisely which of the many factors considered by the Board allowed the Board to find that Mr. Frederick performed services simultaneously for both A-Del and Colonial. As a

8

result, on remand, the Board should indicate which factors support its finding that Mr. Frederick performed services simultaneously for both Colonial and A-Del.

### 4. Same or Closely Related Services Performed

Under *A. Mazetti*, the last inquiry is whether the services that Mr. Frederick performed simultaneously for both A-Del and Colonial are the same or closely related. The Board found that the services Mr. Frederick performed simultaneously for both A-Del and Colonial are closely related. However, it is not clear precisely which of the many factors considered by the Board allowed the Board to find that the services Mr. Frederick performed simultaneously for both A-Del and Colonial are closely related. As a result, on remand, the Board should indicate which factors support its finding that the services that Mr. Frederick performed simultaneously for both Colonial and A-Del are closely related.

## B. Remedy

19 Del. C. § 2350(b) states in full:

> (b) In case of every appeal to the Superior Court **the cause shall be determined by the Court from the record**, which shall include a typewritten copy of the evidence and the finding and award of the Board, without the aid of a jury, and **the Court may reverse, affirm or modify the award of the Board or remand the cause to the Board for a rehearing**. In case any cause shall be remanded to the Board for a rehearing, the procedure and the rights of all parties to such cause shall be the same as in the case of the original hearing before the Board.[12]

---

[12] 19 *Del. C.* § 2150(b) (emphasis added).

9

According to 19 *Del. C.* § 2350(b), this Court must either (1) reverse, affirm or modify the award of the board or (2) remand the cause to the Board for a rehearing.

Mr. Frederick stated that he filled out Colonial trucking paperwork.[13] A-Del and Colonial's witness, Mr. Fairer, contested Mr. Frederick's claim here and stated that the application that Mr. Frederick filled out has "A-Del Construction on the top of it."[14] Since this concerns a factual dispute, and this Court may not engage in factual undertakings, the Board should develop the record with regards to the "contract" or application that Mr. Frederick signed. The Board should also identify the factual findings that support each portion of the *A. Mazetti* four-part test.

Additionally, another inquiry that the Court would like the Board to make is whether the case could be heard under § 2354 since the parties have indicated that there's only one insurance company and there does not appear to be substantial evidence in the record to demonstrate that these are two separate companies.[15]

### Conclusion

Based on the Court's review of the Board's record, the Court finds the Board overlooked a necessary element, "under contract with," from *A. Mazzetti*. As a result, the record does not include substantial evidence to support the Board's

---

[13] Tr. Frederick, at 51 (lns. 24-25).
[14] *Id.* at 61 (lns. 4-7).
[15] *See* 19 *Del. C.* § 2354.

10

finding that a "joint employment" relationship existed. For the forgoing reasons, the decision of the Board is **REMANDED** to the Board for a rehearing.

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**